**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-2211**

LUZMA KENIDA MARTINEZ-CERON, a/k/a Luzma Kenide Ceron,
a/k/a Luzma K. Ceron, a/k/a Luzma Kenida Martinezceron,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  May 28, 2015                  Decided:  July 10, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Chester Smith, SMITH LAW GROUP, PLLC, Virginia Beach, Virginia,
for Petitioner.  Benjamin C. Mizer, Acting Assistant Attorney
General, Julie M. Iversen, Senior Litigation Counsel, James A.
Hurley, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luzma Kenida Martinez-Ceron ("Martinez"), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing her appeal from the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").* We have thoroughly reviewed the record, including the evidence presented to the immigration court and the transcript of Martinez's merits hearing. We conclude that the record evidence does not compel any factual findings contrary to those made by the immigration judge and affirmed by the Board, particularly as to the finding that Martinez failed to satisfy the requisite nexus element, see 8 U.S.C. §§ 1158(b)(1)(B)(i), 1252(b)(4)(B) (2012); Hernandez-Avalos v. Lynch, No. 14-1331, 2015 WL 1936721, at *3 (4th Cir. Apr. 30, 2015) ("[A]n asylum applicant . . . must demonstrate that [membership in a particular social group was] more than an incidental, tangential, superficial or subordinate reason for [the] persecution . . . ." (internal quotation marks omitted)),

---

* Martinez did not substantively challenge the denial of her application for protection under the CAT. Accordingly, Martinez has waived appellate review of this issue. See Suarez-Valenzuela v. Holder, 714 F.3d 241, 248-49 (4th Cir. 2013) (failing to raise a challenge to the Board's ruling or finding in an opening brief waives the issue).

and that substantial evidence supports the Board's decision to uphold the denial of Martinez's applications for relief. See I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992) ("The BIA's determination that [an applicant is] not eligible for asylum . . . can be reversed only if the evidence presented . . . [is] such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.").

Further, we reject Martinez's claim that the immigration judge erred in failing to continue her removal proceedings. At the master calendar hearing prior to the merits hearing, counsel for Martinez informed the immigration judge that the state post-conviction proceeding had not been successful, and counsel did not pursue a continuance at any point thereafter.

Finally, we are not persuaded that the Board should have remanded this case to the U.S. Citizenship and Immigration Services ("USCIS") because of an error in the USCIS's decision to withdraw Martinez's temporary protected status ("TPS"). To be sure, the USCIS ruling referred to a felony conviction that Martinez does not have. But the USCIS also detailed Martinez's two misdemeanor convictions, which were conceded, and this is a proper basis for withdrawing TPS. See 8 U.S.C. § 1254a(c)(2)(B)(i) (2012) (an alien "convicted of any felony or 2 or more misdemeanors committed in the United States" is not

3

eligible for TPS); 8 C.F.R. § 244.4(a) (2014) (same); 8 C.F.R. § 244.14(a)(1) (2014) (authorizing the USCIS to withdraw TPS granted to an alien who "at any time thereafter becomes ineligible for such status").  We thus agree with the Board that there was no basis for a remand in this case.

Accordingly, we deny the petition for review for the reasons stated by the Board.  See In re: Martinez-Ceron (B.I.A. Oct. 9, 2014).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

4